UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Bailey IV, | Case No.: 3:25-cv-00054-ART-CLB |
| Petitioner | Order Directing Service of Petition and Granting Motion for Counsel |
| v. | |
| State of Nevada, *et al.*, | |
| Respondents. | |

Jesse Bailey IV has submitted a pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus. (ECF No. 1-1.) His application to proceed *in forma pauperis* (ECF No. 1) is granted. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 and directs that it be served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which Petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Along with his *ifp* application, Bailey also submitted a motion for appointment of counsel. (ECF No. 1-1 at 15-16.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549

U.S. 327, 336–37 (2007)). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Bailey seeks to challenge his conviction of second degree murder with use of a deadly weapon for which he is serving a sentence of 17 years to life in prison. He appears to state at least some claims cognizable in federal habeas corpus. He also appears to suffer from physical and mental health issues. In order to ensure due process, the Court grants Bailey's motion for counsel.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**.

It is further ordered that the Clerk of Court detach, file, and electronically SERVE the petition (ECF No. 1-1) on Respondents.

It is further ordered that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that the Clerk detach and file the motion for appointment of counsel as a separate motion (ECF No. 1 at 15-16).

It is further ordered that Petitioner's motion for appointment of counsel is **GRANTED**.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner.

It is further ordered that the Clerk electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD has **30 days** from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Petitioner in these proceedings.

It is further ordered that after counsel has appeared for Petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED: 11 February 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE