UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Bailey IV,<br>      Petitioner<br><br>v.<br><br>State of Nevada, *et al.*,<br>      Respondents. | Case No.: 3:25-cv-00054-ART-CLB<br><br>Scheduling Order |

On February 11, 2025, the Court granted Jesse Bailey IV's request to appoint counsel and appointed the Federal Public Defender to represent Petitioner. (ECF No. 4.) On March 13, 2025, Alicia R. Intriago of the Federal Public Defender's Office appeared on behalf of Petitioner. (ECF No. 7)

It is therefore ordered that counsel for Petitioner meet with Petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Petitioner, as fully as possible, the potential grounds for habeas corpus relief in Petitioner's case; and (c) advise Petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

It is further ordered that counsel for Petitioner file an amended petition for writ of habeas corpus within 90 days, which includes all known grounds for relief (both exhausted and unexhausted).

It is further ordered that Respondents file a response to the petition within 90 days of service of the petition. Petitioner will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition. Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by Respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and Respondents must file a set of state court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. Each exhibit must be a separate attachment, and the CM/ECF attachments that are filed must be identified by the number of the exhibit in the attachment. The purpose of this provision is to allow the Court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibit is filed in which attachment. Respondents must send a hard copy of all pleadings and indices of exhibits ONLY filed for this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label.

DATED: 17 March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE